```
        IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF ALABAMA
                  NORTHERN DIVISION
```

```
JOSEPH ANYAN AMOAKO,           :
                               :
     Petitioner,               :
                               :
vs.                            :
                               :    CIVIL ACTION 06-00570-CG-B
DAVID O. STREIFF, et al.,      :
                               :
     Respondents.              :
```

## REPORT AND RECOMMENDATION

Joseph Anyan Amoako, a native of Ghana, filed a habeas corpus petition pursuant to 28 U.S.C. § 2241 challenging his continued detention by the U.S. Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). This matter has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c). Following a careful review of the record, it is recommended that the instant petition be dismissed as moot because Amoako is no longer in ICE custody, having been repatriated to his native country on March 23, 2007.

**I.   FINDINGS OF FACT**

1.   In his petition, Amoako acknowledges that he is a native and citizen of Ghana, and that he entered the United States on October 9, 2003, under a tourist visa, which he overstayed. (Doc. 1, p.4).

2.   According to Amoako, an Immigration Judge ordered him removed on April 1, 2005.  Amoako appealed the removal order, which was

affirmed by the Bureau of Immigration Appeals. (Doc. 1). On August 29, 2005, Amoako filed a motion for stay of the removal order in the Second Circuit Court of Appeals.

3. Amoako was taken into ICE custody in September 2004, and filed a petition for writ of habeas corpus in the United States District Court for the Western District of New York.(Doc. 1 at 5). Amoako's petition was dismissed without prejudice, and on July 22, 2006, Amoako was transferred to Perry County Correctional Facility in Perry County, Alabama.

4. Amoako filed the instant petition for habeas corpus relief on September 14, 2006. (Doc. 1). On March 23, 2007, Amoako was deported to Ghana. (Doc. 17, Ex.1).[1]

**II.    CONCLUSIONS OF LAW**

1. "In reviewing a petition for writ of habeas corpus by a detained alien who is subject to a final order of removal, a federal district court, pursuant to the authority of 28 U.S.C. § 2241(c)(3), is to gauge whether a particular set of circumstances amounts to detention within, or beyond, a period reasonably necessary to secure removal." He v. Gonzales, 2006 WL 1687796, *1 (W.D. La. 2006). Where, as here, a § 2241 petitioner has been released from federal custody and repatriated to his native country, thereby garnering the relief sought in filing his habeas

---

[1] The docket reflects that recent mail addressed to Petitioner at the Perry County Correctional Facility has been returned as undeliverable. (Docs. 10 ,16).

corpus petition, the issue becomes whether there is any longer a live case or controversy or, instead, if the petition has become moot. See Id.

2. The Eleventh Circuit has observed that "Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of 'Cases' and 'Controversies.'" Soliman v. United States ex rel. INS, 296 F.3d 1237, 1242 (11th Cir. 2002) (citation omitted); See also Al Najjar v. Ashcroft, 273 F.3d 1330, 1335 (11th Cir. 2001) (same). Moreover, "[t]he doctrine of mootness derives directly from the case or controversy limitation because 'an action that is moot cannot be characterized as an active case or controversy.'" Soliman, 296 F.3d at 1242. Put another way, "a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." Therefore, "[i]f events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." In fact, "dismissal is required because mootness is jurisdictional." Id. (internal citations omitted).

3. Several district courts have determined that once an alien § 2241 petitioner has been removed from the United States and deported to his native country, his petition seeking release from detention and ICE custody becomes moot as "there is no longer a

3

live case or controversy as required under Art. 3, § 2, cl. 1." <u>Gauchier v. Davis</u>, 2002 WL 975434, *2 (E.D. La. 2002); <u>See</u> <u>Camara v. INS</u>, 2007 U.S. Dist. LEXIS 2465 (S.D. Ala.); <u>Xing Hai Liu v. Ashcroft</u>, 218 F.Supp.2d 1 (D. Me. 2002) (petition for writ of habeas corpus dismissed as moot because petitioner had been returned to China); <u>Malainak v. Immigration & Naturalization Service</u>, 2002 WL 220061 (N.D. Tex. 2002)(§ 2241 petition dismissed as moot because petitioner was removed to his native country of Thailand).

  4. In the instant action, Amoako seeks his immediate release from custody pending resolution of his motion to stay removal filed in the Second Circuit Court of Appeals.  The Government has proffered documents which reflect that Amoako was deported to his native country on March 23, 2007, and mail sent to Petitioner at his address on file has been returned as undeliverable. Additionally, a review of the Court docket reflects that Amoako's motion for stay of the removal order was denied by the Second Circuit Court of Appeals on December 15, 2006. (See <u>Amoako v. Department of Homeland Sec.</u>, 209 Fed.Appx.53 (2nd Cir. 2006)).  In light of the above, the undersigned finds that this case has become moot because Amoako is no longer in ICE custody, having been deported to his native country.  Thus, no active case or controversy exists as this Court can no longer grant Petitioner the relief requested in his petition, namely his immediate release from

4

ICE's custody pending his removal because this relief has already been afforded him. (See Doc. 17).  Because there is nothing to remedy even if this Court were disposed to do so, this action should be dismissed without prejudice. <u>Soliman</u>, supra, 296 F.3d at 1243, quoting <u>Spencer v. Kemna</u>, 523 U.S. 1, 18, 118 S.Ct. 978, 988, 140 L.Ed.2d 43 (1998).

### III. CONCLUSION

The undersigned Magistrate Judge recommends that Amoako's petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2241 be **DISMISSED** as moot.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this **3rd** day of **July 2007**.

                                                    **/s/ SONJA F. BIVINS**
                                          **UNITED STATES MAGISTRATE JUDGE**

## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. Objection. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)©; Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. Transcript (applicable Where Proceedings Tape Recorded). Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.